VAL GENE'S & ASSOCIATES,
Own Risk, Petitioner,

v.

Patrick BALOGUN and the Workers'
Compensation Court,
Respondents.

No. 78288.

Court of Appeals of Oklahoma,
Division No. 2.

July 14, 1992.

Mary A. Kelly, Fenton, Fenton, Smith, Reneau & Moon, Oklahoma City, for petitioner.

Jerry E. Bryan, Gary B. Homsey & Associates, Oklahoma City, for respondents.

BRIGHTMIRE, Judge.

Presented for review is whether the Workers' Compensation Court's award of benefits relating to injuries sustained by the claimant—while playing softball during a company-sponsored softball tournament to promote team spirit among its employees—is supported by competent evidence and should be sustained.

We hold that it is and sustain the award.

## I

On April 23, 1990, claimant Patrick Balogun sustained an accidental injury while participating in a softabll game at the invitation of his employer, Val Gene's & Associates d/b/a Harry Bears. The claimant was playing on a team restricted to employees only which had been set up and was sponsored by his employer. His team played only teams made up of employees of other Val Gene's restaurants. A trophy was presented to the winning company team at the annual picnic held by the employer every Fourth of July. Admittedly, the purpose of the softball program and annual picnic was to promote good employer-employee relations and to boost employee morale.

The claim was heard on May 21, 1991, and two days later the trial judge entered an order in which she found that the claimant had sustained an accidental job-related injury to his right leg and hip. The court awarded both temporary total and permanent partial disability benefits.

The employer appealed to the three-judge panel contending that the evidence did not support the finding that the claimant had sustained an injury in the scope and course of his employment. The appellate panel affirmed the order and the employer seeks review.

## II

The sole issue, then, is whether competent evidence supports the trial

court's finding that the claimant's injury was job related.

█ The employer's argument is that a compensable injury must occur while the claimant is performing a duty he was hired to perform or one that is reasonably incident thereto, citing *Loggins v. Wetumka General Hospital,* 587 P.2d 455 (Okl.1978). Then the employer calls our attention to *Oklahoma Natural Gas Company v. Williams,* 639 P.2d 1222 (Okl.1982), which it acknowledges addresses the issue of whether compensation benefits can, under certain circumstances, extend to recreational and social activities away from the jobsite. The *Williams* court concluded, concedes the employer, that recreational activities of an employee are within the scope of employment if they meet one of three criteria: (1) If the activity occurs on the employer's premises during a lunch or recreational period as a regular incident to the employment; or (2) if the employer expressly or implicitly induces the employee's participation in such activity; or (3) if the employer derives substantial benefit from the activity beyond the intangible value such activity would generally be expected to have with regard to the employee's health or morale improvement. *Williams,* 639 P.2d at 1224. The employer concludes that the evidence in this case will not support any of these criteria and therefore the trial court's order stands unsupported by any competent evidence.

We disagree. Subject issue is a mixture of law and fact. The *Williams* court put it this way:

> "The employer-benefit factor does present here a close question. So does the degree of implied compulsion exerted by [the employer] in its effort to induce Claimant's presence at the party. Standing in isolation, each of these factors may fall short of the mark. Considered together, they represent proof with infer-

ences reasonably supportive of the trial tribunal's finding that Claimant's attendance at the party was an activity within the course of his employment." *Id.* at 1225.

Given the law as set out in *Williams* and the facts stated earlier, it cannot be said there existed no competent evidence to support a finding that the claimant's employer—in order to foster good company-employee relations as well as employee-employee relations—set up a softball program limited to employees in an intracompany rivalry and induced the claimant to participate. Certainly the evidence justifies an inference that the employer felt that it would derive, and did derive, "direct benefit from subject recreational and social activity beyond the intangible value of employees' health or morale improvement which is common to every kind of recreational or social event." *Id.* at 1224.

Indeed, given all the facts and circumstances, it appears to us that the trial judge would have clearly gone against the weight of the evidence had she ruled otherwise.

### III

For these reasons the award is sustained.

BOUDREAU, J., concurs.

RAPP, P.J., dissents.